# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
        )
        )
     v.        )     I.D. No.    0212002900
        )
        )
STEPHON DESHIELDS,        )
        )
    Defendant.        )

## ORDER

Submitted: February 11, 2020[1]
Decided: June 2, 2020

**AND NOW TO WIT**, this 2nd day of June, 2020, upon consideration of Stephon Deshields ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On January 5, 2005, Defendant pled guilty to Manslaughter as a lesser-included offense of Murder in the First Degree, and to Possession of a Deadly

---

[1] The United States of America and the State of Delaware declared states of emergency due to COVID-19. As a result, per Administrative Directives of the Supreme Court of the State of Delaware and the Delaware Superior Court, and the national and local states of emergency, "[e]xcept as set forth in 10 *Del. C.* § 2007(c), deadlines in court rules or state or local statutes and ordinances applicable to the judiciary that expire between March 23, 2020 and June 13, 2020 are extended through July 1, 2020." Administrative Order No. 6 Extension of Judicial Emergency (Del. May. 14, 2020); *see also* Standing Order No. 6 Concerning COVID-19 Precautionary Measures (Del. Super. Ct. Apr. 15, 2020).

Weapon during the Commission of a Felony ("PDWDCF").[2] On February 27, 2004, he was sentenced to a sum of seventeen years at Level V, followed by transitioning levels of probation.[3]

2.     On February 11, 2020, Defendant filed this, his fourth,[4] Motion for Modification/ Reduction of Sentence.[5]   Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his motion but asks that this Court suspend

[2] Defendant's Plea, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 25 (Del. Super. Ct. Jan. 5, 2004); Defendant's Plea, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 26 (Del. Super. Ct. Jan. 5, 2004) [hereinafter together "Def.'s Plea."].

[3] *See* Sentencing Calendar:  Defendant Sentenced, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 26 (Del. Super. Ct. Feb. 27, 2004); *see also* Sentence:  ASOP Order Signed & Filed 3/4/04, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 27 (Del. Super. Ct. Feb. 27, 2004).  Defendant received the following sentence:  (1) For the Manslaughter charge, ten years at Level V, suspended after seven years, for two years at Level IV Plummer Center, suspended after six months, for the balance at Level III; and (2) For the PDWDCF charge, Defendant was ordered to pay a restitution, joint/severally, of $9,806.56, and was sentenced to a mandatory sentence of ten years at Level V.  Defendant's sentence ran consecutively to a previous four-year sentence that Defendant was serving at the time of his sentencing on these charges.

[4] Defendant filed three previous Motions for Modification/ Reduction of Sentence.  *See* Defendant's Motion for Modification of Sentence, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 28 (Del. Super. Ct. Mar. 16, 2004); *see also* Defendant's Letter, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 37 (Del. Super. Ct. Sept. 3, 2014); *see also* Defendant's Letter, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 39 (Del. Super. Ct. Sept. 16, 2016); *see also* Defendant's Motion for Reduction of Sentence, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 40 (Del. Super. Ct. Oct. 3, 2016).  Defendant filed two previous Motions for Correction of Sentence. *See* Defendant's Motion for Reduction of Sentence, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 31 (Del. Super. Ct. July 14, 2011); Defendant's Motion for Correction of Sentence, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 42 (Del. Super. Ct. Oct. 4, 2017); Defendant's Letter, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 43 (Del. Super. Ct. Jan. 18, 2018).

[5] Defendant's Motion for Modification of Sentence, *State of Delaware v. Stephon Deshields*, Crim. ID No. 0212002900, D.I. 50 (Del. Super. Ct. Feb. 11, 2020) [hereinafter "Def.'s Mot."]; *see* DEL. SUPER. CT. CRIM. R. 35(b).

his *remaining* Level IV Work-Release sentence for Level III probation.[6]  In support of his motion, Defendant states that because he has been placed at Level IV twice by DOC, a Level III placement is appropriate because (1) he has "a place to stay at the Way Home program for homeless men[;]" and (2) has "been working for [P]erdue since 9/16/19."[7]

3.　　Generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[8] And ordinarily, if the Court considered this request under Superior Court Criminal Rule 35(b) to reduce the terms of partial confinement or probation, since this is Defendant's fourth motion for modification, this Court would have likely barred his request as repetitive.[9]  However, the Court finds that Defendant's specific circumstances here serve to bypass the procedural bars under Rule 35(b).

4.　　Defendant states he has served two placements at Level IV Work-Release.[10]  He further provides that he has worked at Perdue since September of 2019.[11]  If so, then he has been out of Level V, and placed at Level IV Work Release for more than the six-month sentence this Court imposed.  If he is currently at Level

---

[6] *See* Def.'s Mot.

[7] *Id.*

[8] *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[9] *See Teat v. State*, 31 A.3d 77, 2011 WL 4839042, at *1 (Del. 2011) (TABLE); *see also State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Ct. Mar. 11, 2015); *see also State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015).

[10] Def.'s Mot.

[11] *Id.*

IV, then it appears that Defendant may have already served—or is currently serving—the sentence he wishes to modify, which frankly, makes this motion moot, and he should simply flow down to Level III.

5.     To avoid any confusion, since it was this Court's intent to have him transition to lower levels of supervision, it appears he has done just that, and the Court commends him for remaining gainfully employed and for finding housing after Level IV.  Since Defendant has served more than six months at Level IV, he should be flowed down to Level III.  It makes no sense for him to serve yet another Level IV sentence.  Defendant's Motion is **GRANTED.**

     **IT IS SO ORDERED**.

                                                                    /s/ Vivian L. Medinilla
                                                                    Vivian L. Medinilla
                                                                    Judge

oc:    Prothonotary
cc:    Department of Justice
       Investigative Services
       Defendant